14-1843-cv
*Ahmad v. Christian Friends of Israeli Cmtys.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand fifteen.

PRESENT:   GUIDO CALABRESI,
           JOSÉ A. CABRANES,
           CHRISTOPHER F. DRONEY,
                        *Circuit Judges.*

---

AYDA HUSAM AHMAD et al.,

    *Plaintiffs-Appellants*,

       v.                                                    No. 14-1843-cv

CHRISTIAN FRIENDS OF ISRAELI COMMUNITIES et al.,

    *Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFFS-APPELLANTS:** | LOUIS G. ADOLFSEN (Michael F. Panayotou, S. Dwight Stephens, Rania Shoukier, *on the brief*), Melito & Adolfsen P.C., New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | NATHAN LEWIN, Lewin & Lewin, LLP, Washington, DC. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs, a group of thirteen U.S. and non-U.S. citizens who live in the West Bank, appeal from the District Court's May 6, 2014 judgment granting defendants' motion to dismiss the amended complaint, which raised claims under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333, and the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, based on defendants' financial support of Israeli citizens in the West Bank. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 750 F.3d 227, 232 (2d Cir. 2014). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Upon *de novo* review of the record and relevant law, we conclude that the District Court, in its thorough May 5, 2014 opinion, properly dismissed plaintiffs' amended complaint. We agree with that court that plaintiffs failed plausibly to allege the requisite proximate causation to state a claim for relief under the ATA. *See* 18 U.S.C. §§ 2339A, 2339C; *In re Terrorist Attacks on September 11, 2001*, 714 F.3d 118, 123–25 (2d Cir. 2013); *Rothstein v. UBS AG*, 708 F.3d 82, 94–96 (2d Cir. 2013).

Plaintiffs also failed plausibly to allege that defendants violated international law in order to state a claim for relief under the ATS. Because we affirm on this basis, we need not address whether the ATS confers jurisdiction over these entities. *See Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 120 (2d Cir. 2010), *aff'd on other grounds*, 133 S. Ct. 1659 (2013).

## CONCLUSION

We have considered all of the arguments raised by plaintiffs on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's May 6, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2